2010 MAR 29    10: 58

*Caskell*

ALBERTO DIAZ,                          :

       Plaintiff,                   :

v.                                     :          CIVIL ACTION NO.: CV209-172

TOMMY GREGORY; Sgt. WATSON;            :
LARRY HAMILTON; JOSH BAKER;            :
LUCRETA DYALS; Sgt. WOODWORTH;         :
and CO WATERS,                         :

      Defendants.                  :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently confined at the Camden County Jail in Woodbine, Georgia, filed an action pursuant to 42 U.S.C. § 1983.  An inmate proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A.  In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing.  The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1) and (2).

In <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). <u>Mitchell</u>, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. <u>Hughes v. Rowe</u>, 449 U.S. 5, 10 (1980); <u>Mitchell</u>, 112 F.3d at 1490. While the court in <u>Mitchell</u> interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff contends that he is given cold food at meals and that certain inmates receive larger portions of food. Plaintiff claims there is no medical dorm and no proper medical treatment given. Plaintiff states that both inmates who are sentenced and inmates who are awaiting sentencing are housed together. Plaintiff asserts that he goes two weeks without getting clean clothes and that when their clothes are being washed, some inmates have to wear blankets. Plaintiff claims he was told he could not send letters written in Spanish. Plaintiff states that he requested a grievance form to complain that his mail was not being sent and was never given one. Plaintiff claims the jail is overcrowded, that some inmates do not have blankets, and that some inmates are not secured while sleeping in the day room. Plaintiff claims that black mold and dust drip onto the inmates when they take showers. In an Order issued on February 2, 2010,

the undersigned directed Plaintiff to advise the court which claims he wished to pursue against which Defendants, as his original complaint attempted to improperly join unrelated claims and various defendants. (Doc. No. 14). Plaintiff submitted a response stating, "I would like to file all these claims on Sheriff Tommy Gregory only <u>not</u> the other defendants." (Doc. No. 17).

"To satisfy the 'case' or 'controversy' requirement of Article III . . . a plaintiff must . . . demonstrate that he has suffered 'injury in fact,' that the injury is 'fairly traceable' to the actions of the defendant, and that the injury will likely be redressed by a favorable decision." <u>Bennett v. Spear</u>, 520 U.S. 154, 162 (1997) (citing <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-61 (1982)). Plaintiff's claims that some inmates have to wear blankets, that some inmates do not have blankets, that sentenced and unsentenced inmates are housed together, that there is not proper medical treatment or dorms, that the jail is overcrowded, and that some inmates are not secured while sleeping in the day room do not evidence that Plaintiff has suffered an injury from these occurrences.

Plaintiff names Sheriff Tommy Gregory as the sole defendant in this case. However, Plaintiff sets forth no factual allegations against Defendant Gregory. Plaintiff sets forth allegations against Sergeant Watson for failing to "test" the kitchen staff, against Officer Waters for requiring Plaintiff write his letters in English, and against Sergeant Woodworth for threatening to take away Plaintiff's mail privileges. (<u>Id.</u> at pp. 7-8). However, Plaintiff did not name any aforementioned individuals as defendants in his claim. It appears that Plaintiff attempts to hold Defendant Gregory liable based solely on his supervisory position. In § 1983 actions, liability must be based on

something more than a theory of respondeat superior. <u>Braddy v. Fla. Dep't of Labor and Employment Sec.</u>, 133 F.3d 797, 801 (11th Cir. 1998).

Plaintiff attempts to join thirteen other inmates as plaintiffs in this action. (Doc. No. 1, p. 5). The PLRA requires that each Plaintiff pay the full filing fee. As the individuals that Plaintiff attempts to join have not paid the filing fee, they cannot be parties to this action.

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's claim be **DISMISSED**.

SO REPORTED and RECOMMENDED, this 23 day of March, 2010.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE